COREY, ADOPTION, IN RE.

Probate Court, Columbiana County.

No. 1108. Decided September 24, 1959.

TOBIN, J. This matter came on to be heard on the application on petition for adoption, filed August 14, 1959 by Greta Steele Corey, great aunt of the child and for a change of the name from Denver Carroll Steele to James Robin Corey.

The facts in this hearing have been the subject of much litigation over the past five years, in the Guardianship Case No. 50430, and former adoption petition No. 923, having been denied in this Court, the 7th Court of Appeals and the Supreme Court of Ohio. Therefore, this Court will not dwell on facts prior to the past two years, except as necessary for this decision. The Court refers to its findings of fact in adoption Case No. 923 which this Court readopts in the instant case and makes these further findings of fact since its decision, and particularly June 23, 1957.

1. That an appeal was taken by the petitioner, Mrs. Corey from this Court's decision in Case No. 923 and was finally decided by the Supreme Court of Ohio in March, 1959.

2. That on January 29, 1958, this Court refused petitioner's motion for reconsideration but stated to the father and mother of the child, Mr. and Mrs. Denver Steele that they had a definite duty to support dating from June 22, 1957, when the appeal on the guardianship became final and incontestable. This Court specifically informed the parents of their duty to support, dating from that date and suggested $10.00 per week, or an application on their part for an order to support.

3. In July of 1959, Gladys Steele, mother, deserted the father, Denver Steele, and her whereabouts are unknown to all parties.

4. The father, Denver Steele, earned $6,060.00 in 1958, before income tax, and had only himself, his wife, his son and her son at home to support excluding his duty to this child. That he has earned $2,927.93 or $417.56 per month to date this year up to August 1, 1959; that those dependent upon his support were the same.

5. That the parents paid to Greta Steele Corey for the support of the child only these amounts:

| 1958 | | 1959 | |
|---|---|---|---|
| 1/3 | $10.00 | 1/10 | $10.00 |
| 1/27 | 10.00 | 1/26 | 10.00 |
| 2/10 | 10.00 | 2/6 | 10.00 |
| 2/24 | 10.00 | 3/3 | 10.00 |
| 3/22 | 20.00 | 3/23 | 10.00 |
| 4/5 | 10.00 | 4/30 | 10.00 |
| 4/21 | 10.00 | 5/29 | 10.00 |
| 5/8 | 10.00 | 6/17 | 10.00 |
| 5/19 | 10.00 | 8/10 | 10.00 |
| 5/29 | 10.00 | 8/31 | 10.00 |
| 6/30 | 10.00 | | |
| 7/14 | 10.00 | | |
| 7/31 | 10.00 | | |
| 8/11 | 10.00 | | |
| 8/28 | 10.00 | | |
| 10/3 | 20.00 | | |
| 10/17 | 10.00 | | |
| 10/31 | 10.00 | | |
| 11/14 | 10.00 | | |
| 12/3 | 10.00 | | |
| | $220.00 | | $100.00 |

6. Contacts with child were that of a Christmas present from parents in 1957, Christmas card in 1957, one attempted visit by child's grandparents.

7. Report of Dr. Kiriazis indicates a nervous child who lives in apprehension of a return to parents and also is in need of more male adult companionship and guidance in life.

8. Mrs. Corey is a divorcee, 60 years of age, in excellent health, mother of a married daughter who bears an excellent reputation, and is a grandmother.

OPINION

An adoption proceedings must of necessity have three elements:

1. Present fitness of the adopting parent.

2. Best interests of the child.

3. Consent of the natural parents or their wilful failure to

support for a two year period immediately preceeding the filing of the petition.

This Court believes the best interest of the child now would be served by granting an adoption. The child has lived with petitioner, nine of his ten years; child has known no other home or parent; child is apprehensive of the change that a return of his natural parents into his life would bring to him; also, the home of the Steeles far from improving over the sorry mess it was at the time the guardianship was granted in 1956 has further deteriorated. The mother, Gladys Steele has deserted and the father lives alone with one fifteen year old child who must take care of himself during father's absence at work. The Steeles can but be judged in the light of their conduct since 1954 when the guardianship application was first filed. At that time the home definitely could not be recommended for a child. Far from improving themselves and particularly the moral surroundings of themselves and their children, the family further deteriorated until it was culminated by the complete desertion of the family by the mother, Gladys Steele.

It is true the Corey home is not entirely ideal for a ten year old boy because only Mrs. Corey, aged sixty years, is in the household and the boy needs adult male companionship. But balancing the fact that this is the only home the child knows; the further fact that the Steele home is not proper and a foster home by the Welfare Department is the only alternative, the best interests of the child is served by leaving him with the woman who loves him and whom he has come to regard as a mother.

2. Is Mrs. Corey a fit and proper person to adopt this child:

The Court finds this in the affirmative. While, if it came to placing a child with her, say a placement by the Welfare Department, this court would not agree since she is sixty years old and is not presently married, yet for this child, whom she has had for nine of his ten years of life, she is a proper person. What evidence was produced against her out of her past has no application over the past nine years she has had physical custody of this child. The Court finds her a proper person to adopt this child.

3. In this petition, as in Case No. 923, formerly heard and decided by this Court, the question of wilful failure to support for the two year period became all important.

This Court finds that the natural parents, Denver and Gladys Steele have "wilfully failed to properly support and maintain child" for the two year period as defined in Section 3107.06, Revised Code. In the period from August 1, 1957 to August 1, 1959, Mr. Steele earned in excess of $10,000.00. He had only two children, himself and his wife to support in this period of time. His total contribution in this two year period was $320.00 or about $3.00 per week. This can by no means be called proper support and maintenance" out of wages totalling over $100.00 per week and the Court so finds.

The father offers the argument that he was compelled to defend the appeal from this Court's ruling in Adoption No. 923 as an excuse for not paying more for the support and has proof that he was not "wilfully failing to properly support." This theory the Court rejects. While this Court found his Court actions in the guardianship was enough to indicate at that time no wilful failure to support, this Court stated, "until the litigation is over failure to support in the absence of a specific order is not wilful failure to support," but the litigation on custody was settled on June 22, 1957. This Court specifically told the parents their duty to support and suggested an amount of Ten Dollars per week, if not satisfactory to apply for an order of support. This was not followed by the parents at all. Resistance by court action in the adoption proceedings is vastly different than the positive action in the guardianship case where custody of the child was sought. It cannot be used as excuse not to properly maintain and support the child. Such monies as was paid were sporadic, inadequate and this Court finds were made only with the purpose in mind to be able to muster some defense on support of the child in an action of this kind. The Court finds that the parents "wilfully failed to properly support" for the statutory period and their consents are not needed.

The adoption will be approved after the child is brought before the Court.

Exceptions to all parties.

See journal.