In re Adoption of McCoy.
In re Change of Name of McCoy.

(Nos. 24353, 24354—Decided March 14, 1972.)

Common Pleas Court of Pickaway County.

*Mr. Richard W. Penn*, for the petitioner.
*Mr. John A. Carnahan*, for Gene Lamar Lawter (father of child).

CLINE, J. This case concerns the adoption of Michael Robert Lawter, Case No. 24353, and John Robert Lawter, Case No. 24354, wherein the petitioner is step-parent of said children by reason of his marriage to the natural mother. The natural mother, Mrs. Robert McCoy, signed a consent to the adoption of both boys by her husband Dr. McCoy. The adoption is contested by the father who denies having wilfully failed to properly support the children for a period of more than two years immediately preceding the filing of the petition.

The evidence indicated that the natural father had made no payments for the support of the children and that he had adequate earnings to have contributed to their support had he elected to do so.

Mr. Lawter, the father of the boys, stated that he had continued to carry medical insurance required by the Michigan Decree, and it was stipulated by all parties that no request for child support was made to the father by Mr. or Mrs. McCoy.

The parties, Mr. Lawter and the new Mrs. McCoy, were divorced in 1962 in Michigan where the decree provided as follows:

"It is Further Ordered, Adjudged and Decreed that the plaintiff, Jean Lawter, assume the financial responsibility for caring for the minor children of the parties hereto until such time as they attain the age of eighteen years or finish their high school education, whichever shall occur later. Further, that plaintiff, Jean Lawter, will carry Blue-Cross, Blue-Shield Insurance on the minor children so long as she is employed and able to carry said insurance on a group plan, then it is Ordered, Adjudged, and Decreed that defendant will carry Blue-Cross, Blue-Shield Insurance on the minor children of the parties until such time as they attain the age of eighteen (18) years or finish their high school education, whichever shall be the later." (Case No. 73288, Circuit Court, Genesee County, Michigan.)

Both boys expressed a desire to be adopted. The father visited the children with short visitations on several occasions and visited 8 days in 1969 and an hourly visit in January of 1970, but wrote no letters or cards to the boys during 1971. The father purchased some limited clothes for the boys at Christmas time in prior years, but he gave the boys no birthday gifts. The father stated that he carried Blue-Cross Insurance, but offered no other evidence to substantiate this fact. The mother, Mrs. McCoy, stated she also has carried such insurance. The father remarried in 1964 and has two children by this marriage. It was further stipulated that the father had means to support said children with earnings of approximately $2000.00 a month.

The question presented is whether the step-father may adopt the two sons of his wife over the objection of the natural father where the facts indicate that the Michigan divorce decree requires the mother to "assume the financial responsibility for caring for the minor children of the parties hereto until such time that they assume the age of 18 years or finish their high school education, whichever one occurs later," and thereafter the father paid no support for the children, now residents of Ohio. The Ohio adoption statute provides:

R. C. 3107.06 B (4) "* * * Proof of failure to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition shall be prima facie evidence of willful failure to properly support and maintain the child. The consent of a parent found by the court to have wilfully failed to properly support and maintain the child for such period shall not be required."

The Ohio courts have not passed on this question directly, although several cases may be noted:

1. "Where a couple petition for adoption of their grandson, who has lived in their home during his mother's separation and divorce from his father, and in their custody since her death, claiming that the consent of the father is not required because of willful failure to support the child for more than two years immediately preceding filing the petition, as specified in R. C. 3107.06, the burden of proving such willful failure is not sustained by the evidence that the petitioners, financially able to support the child without hardship, had never requested any payment from the father although he had told them on numerous occasions to call him if they needed any money for the boy's care, and he did maintain an interest otherwise in his son's welfare, even seeking to have the boy live in his own home." *In re Adoption of Wright*, 44 O. O. 2d 509.

2. "A parent may be found to have 'willfully failed' to support within the meaning of R. C. 3101.06, where such parent, knowing of the duty and being able to provide such support, voluntarily and intentionally fails to do so." *In*

*re Adoption of Lewis*, 8 Ohio St. 2d 25, approving *In re Adoption of Biddle*, 168 Ohio St 209.

3. "Consent and Wilful Failure to Support. Adoption by a great aunt who had had care of 10 year old child for 9 years is involved. The question was whether the payment of $320 over the two year period prior to hearing by a father who had total earnings of about $10,000 during that period, with a wife and mother of this child (had) deserted and her present whereabouts was unknown. Held: The above facts constitute wilful failure to support for the required period and the parents consent is not necessary." *In re Adoption of Corey*, 88 Ohio Law Abs. 186.

4. "A petition for adoption was granted over the objection of the mother of the child. The evidence disclosed that no money was ever offered for the support of the child by the appellant but the appellant had sent Christmas presents and had visited the child approximately a dozen times from 1946 to the date of the proceeding. Held: The Probate Court's judgment granting the adoption was affirmed by the Court of Appeals, holding that where the parents had refused to support the child except for occasional Christmas gifts, such parents had 'willfully failed to properly support and maintain' such child and therefore the consent of such parent to the adoption was not required." *In re Krisher Adoption*, 107 Ohio App. 109.

5. "*In re Adoption of Wedl*, 65 Ohio Law Abs. 231, the second paragraph of the headnotes read as follows: '2. "Wilful" as used in subparagraph (B) (4) of G. C. 8004-6, in the phrase "wilfully failed to properly support and maintain" means "intentional," or an *"intentional omission of a duty."* '" (Emphasis supplied.)

The courts of other states have been confronted with this problem, but most of the statutes state "abandon and or willfully fail to support." They have said in many cases that "wilfully fail to support" is abandonment. Some of the cases disposing of problems similar to the instant case are as follows:

"In an adoption proceeding, consent of a parent not having custody is required when his right to custody was

not lost through a divorce decree within the meaning of Minn. St. 259.24, subd. 1(B), and the evidence of his parental conduct prior to and subsequent to an order modifying the decree relieving him of support and forbidding all visitation of or contact with his minor son is not sufficient to support an express or implied finding of parental unfitness justifying a termination of his parental rights." *Donald C. Eggert* v. *Anthony Van De Weghe*, 155 N. W. 2d 454.

"Mother and stepfather filed a petition which was opposed by father, for adoption of daughter. The County Court of Macon County, Daniel H. Dailey, J., entered judgment adverse to father, and he appealed. The Appellate Court, Reynolds, J., held that where mother obtained divorce from father and custody of their daughter, and divorce decree did not require father to contribute to support of daughter, and father was ordered by mother and stepfather to stay away from daughter, was not guilty of "abandonment" or "desertion" of daughter within meaning of adoption statute, and mother and stepfather, whom the mother had married, were not entitled to adopt the daughter without father's consent." *Walpole* v. *Songer*, 5 Ill. App. 2d 362.

"* * * that mother did not ask him for support and that her present husband stated that he did not want father's support, was insufficient to sustain a finding that father wilfully failed to maintain * * *." *J. Nevelos* v. *C. Railston*, 65 N. M. 250, 335 P. 2d 573.

"Adoption proceeding by remarried mother's new husband wherein divorced father did not consent. The Circuit Court, First Circuit, City, and County of Honolulu, Gerald R. Corbett, J., granted the adoption petition on ground that divorced father had abandoned the child for six months prior to filing of the petition, and the father appealed. The Supreme Court, Mizuha, J., held that the father, a New York City resident who was separated from his child because of Florida divorce decree, granting custody to the mother without directing father to make support payments and who did not support the child, but sent him various cards and gifts during the various holidays of each year

throughout the separation, had not "abandoned" the child within statute requiring written consent to adoption by each living legal parent who has not abandoned the child for a period of six months. Reversed with direction to dismiss petition." *In the Matter of Adoption of a male minor child*, 438 P. 2d 398.

"Proceeding by stepfather to adopt daughter of his wife wherein natural father objected. The Circuit Court entered order granting adoption and natural father appealed. The District Court of Appeal held that where wealthy wife, under separation agreement, agreed to defray expense of daughter's support and maintenance and to save natural father, who was a medical student, harmless therefrom, father showed a desire to have daughter with him during summer as provided in agreement, father was visited by daughter for three years, and father sent letters, holidays cards, gifts, and photographs regularly to daughter, there was not an abandonment of daughter by father, even though he had not made any support payments, and stepfather was not entitled to adopt daughter." *Prangley v. Comerford*, 122 So. 2d 423.

"Adoption proceedings by stepfather. From judgment granting leave to stepfather to adopt minor child, natural father appealed. The Court of Civil Appeals held that where natural father of child whose custody was awarded to mother by divorce decree was elderly, nearly blind, and destitute, and was unable to earn money or a salary but had made a number of small contributions to the support of his child, trial court's findings that the natural father had failed to contribute to the support of his minor child for more than two years commensurate with his ability was so clearly against the great weight and preponderance of evidence as to be manifestly wrong and unjust. Judgment reversed and cause remanded." *In re Adoption of Payne*, 301 S. W. 2d 194, 234 So. 2d 462, *In re Spraggins*.

"Where divorce decree awarding custody of minor children to mother provided that father was to be relieved of any financial responsibility for support and maintenance

of the children, children could not be adopted by stepfather without father's consent even though father was non-resident and had not paid any child support in more than one year since custody was awarded to mother." *In re Spraggins*, 234 So. 2d p. 462.

Since there was no legal obligation to support the children imposed by the Michigan divorce court, the failure to pay support was not the willful failure to perform a legal duty so long as the mother was able and willing to provide the required support, and the adoption cannot be granted without the consent of the father. The court finds that the applicant, Mr. McCoy, would be a very suitable and proper person to adopt Michael and John and that both boys desire the adoption. The court further finds that it would be to the best interest of said children for said adoption to be approved, but the court feels that said approval cannot be made over the objection of the father under the present statutory requirements.

*Adoption denied.*

In re McCoy.

(Nos. 24630, 24631—Decided March 14, 1972.)

Cline, J. It was stipulated and agreed between the parties that the evidence offered in Case Nos. 24353 and 24354 should be considered evidence in the above styled cases.

The facts, therefore, are that the mother and father of applicants were divorced in Michigan in 1962, that the mother was given custody and assumed the obligation of support. The father was given visitation rights which were used to a limited degree.

The father had means to pay support, but not being obligated to do so, elected not to pay any support.

The applicant minors have had extensive difficulty in school and among their friends as to whether their names were Lawter or McCoy. Since their stepfather, Dr. McCoy,

always accompanies them in their sports and personal activities, they are predominately known as McCoys.

The change of name statute is as follows:

"A person desiring to change his name may file a petition in the probate court of the county in which he resides, setting forth that he has been a bona fide resident of such county for at least one year prior to the filing of the petition, the cause for which the change of name is sought, and the new name asked for. Upon being satisfied by proof in open court, of the truth of the facts set forth in the petition, that there exists reasonable and proper cause for changing the name of the petitioner, and that notice of the intended application has been given by one publication in a newspaper of general circulation in such county at least thirty days prior to the filing of the petition, the court may order such change of name.

"When such application is made by or on behalf of a minor under the age of twenty one years, the consent of both living, legal parents of said minor shall be filed or the matter shall be set for hearing on a day certain, any such parent not consenting shall be given notice of the hearing upon such application in the manner provided by R. C. 2101.26." (K 30 v. S. 83 Eff. 9-24-63. 2717.01.)

It is the finding of the court that the applicants are residents of Pickaway County, Ohio, that all requirements as to notice and that statutes have been complied with; that this court has jurisdiction in said matter; that it would be for the best interests of the complainant applicants that their request to change their names to Michael Robert McCoy and John Robert McCoy be granted.

Entries in compliance with this and the opinion in case Nos. 24353 and 24354 will be submitted.

*Change of name granted.*