ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have inquired as to the surname to be given a child born to an unmarried couple on the child's birth certificate. You mention that some of the mothers in Milwaukee County plan to marry the children's fathers but cannot do so because the putative fathers are under the minimum marriageable age. They and the putative fathers wish to give their children the same surnames as those of the putative fathers on the children's birth certificates. You indicate that because of an informal opinion from this office, dated December 5, 1969, the Register of Deeds feels that under the common and Wisconsin law, only the surname of the mother may be put on the certificate of an illegitimate child.
Your inquiry thus raises two questions: (1) whether under common and Wisconsin law there is a requirement that a particular surname be given a child born out of wedlock on its birth certificate; and (2) whether the father of an illegitimate child, due to recent developments in the law, has a right to participate in the naming of his child on its birth certificate.
On several occasions, my predecessors have been asked to interpret Wisconsin law with regard to names and change of name.
The general rule at common law, adopted by Art. XIV, sec. 13, Wis. Const., is that in absence of a statute to the contrary, all persons, including married and divorced women, minors and illegitimate children, can adopt whatever name they please as their "legal" name if for an honest purpose, and can change the same at will, gaining a new name. See 20 OAG 627 (1931), 21 OAG 528 (1932), 34 OAG 72 (1945), 35 OAG 178 (1946), and cases cited therein; State ex rel. Krupa v. Green (1961), 114 Ohio App. 497,177 N.E.2d 616; Stuart v. Board of Supervisors of Elections
(1972), 266 Md. 2d 440, 295 A.2d 223. MacDougall, "Married Women's Common Law *Page 502 
Right To Their Own Surnames," Women's Rights Law Reporter
(Fall/Winter, 1972/1973). Ginsburg, "Symposium on the Status of Women," 20 Am. J. Comp. L. 585 (1972). "For Women Who Wish To Determine Their Own Names After Marriage," Center For A Woman'sOwn Name (Barrington, Illinois, 1974).
In 1945, my predecessor was asked by the State Board of Health whether there was any way for a mother of an illegitimate child, who gave her child her surname at birth, to have the child's birth certificate changed to record the same surname as that of the putative father instead. The request was based on an inquiry by the Bureau of Vital Statistics. My predecessor wrote, that although it is not necessary, it is preferable to have the correct name of a person on his birth certificate.
He wrote:
 "In the first place, it may be pointed out that the law does not compel a person to be known all his life by the name recorded on his birth certificate. If the recorded name is John Jones, the person may nevertheless be called John Brown or James Smith and unless such name is assumed for a fraudulent purpose it is to all intents and purposes the true name of the person involved. The common-law right to acquire a new name (38 Am. Jur. 610) has not been abrogated by statute in Wisconsin. XX Op. Atty. Gen. 627; XXI Op. Atty. Gen. 528.
 "Of course, it is desirable though not necessary, to have the correct name shown on the birth certificate. Certified copies of such certificates are used for many purposes and a discrepancy in the name considerably impairs the usefulness of the certificate." (34 OAG 72, supra, at page 73.)
He then answered that a correction of the surname on a birth certificate is a "major" correction under sec. 69.335 and can only be made by the person himself. Since the child was too young to file such an affidavit himself, the mother would have to have the child's name changed pursuant to sec. 296.36, Stats., if she wished her child's birth certificate to reflect his real name. Had she given her child the same surname as its father at his birth, such action would not have been necessary: *Page 503 
 "This office has pointed out in the past that a child's surname does not necessarily follow that of his parent. It is only by custom that a child takes the surname of his parents. 38 Am. Jur. 600-601; XXI Op. Atty. Gen. 528; see, XX Op. Atty. Gen. 627. If the mother had recorded this child as having the surname of the putative father, or some other surname, it would have been perfectly valid and regular. If the child were of sufficient age to make an affidavit in support of a request to have his surname changed on the certificate and it were shown that he is commonly known by the surname of the putative father rather than by the name recorded on the certificate, such a change could be made under sec. 69.335. But the age of the child, of course, precludes any such proceeding for a number of years to come." (p. 74)
In 1946, my predecessor stated that correcting the surname on a birth certificate pursuant to sec. 69.335, Stats., could be made on affidavits of children thirteen and seventeen. 35 OAG 311 (1946).
These opinions are consistent with the common law regarding the name of "illegitimate" children.
By custom, the mother of an "illegitimate" child gave it a name, usually her own or that of the putative father. If the child became known by the name, he gained the same by repute.
At common law, no one has such a right to a name he can prevent another from adopting it. Cowley v. Cowley (1901), A.C. 450. InDu Boulay v. Du Boulay (1869), 16 Eng. Rep. 638, the right of the "illegitimate" son of a former slave of the Du Boulay family, who had assumed the Du Boulay name as his own, was upheld when the old and distinguished family attempted to enjoin him from using the same.
By Marriage Act 26 Geo. II, 33, it was made a requirement that publication of an intended marriage be made in the "true" — "legal" — names of the parties in order for the marriage to be valid. The courts quickly construed this requirement to mean that the "true" or "legal" name of a person was that name by which s/he was (best) known.
Only in a few American cases has the specific issue of the naming of an "illegitimate" child been adjudicated. InApplication of Biegaj (1941), 25 N.Y.S. 2d 85, the mother of an illegitimate child who had *Page 504 
already adopted the child's father's surname for herself and for her child, petitioned the court to officially change the name of the child to that of the putative father over his objection. The court said:
 "Now the mother makes application to this court that both she and the child be given leave to adopt the respondent's name. At the time the child was born, the petitioner gave her own name to the child, instead of respondent's, and it is so recorded. Thereafter, she adopted for herself and the child the respondent's name, without permission of any court, which she had the right to do. . . .
"***
 "It is not the policy of this court to grant applications of infants for change of name, unless there is a compelling reason for it. It is better for them to wait until they have reached maturity. When the child reaches the age of judgment, he may not wish to bear the name of respondent. . . .
 "If this application is granted, the child might lose the commonlaw right to change his name, without asking the permission of a court. . . ." (p. 86)
In In Re M (1966), 91 N.J. Super. 296, 219 A.2d 906, the mother of an "illegitimate" child petitioned the court to have the child's name changed to that of the putative father. The wife of the father objected, claiming it would cause her and her legitimate children embarrassment. The court granted the petition, saying:
 "Thus we approach the question of the right of a person to take or assume another name. The applicable law is clear. In the absence of statute or judicial adjudication to the contrary, there is nothing in the common law which prohibits a person from taking or assuming another name so long as it is not taken or assumed for fraudulent purposes." (p. 907)
In Buckley v. State (1923), 19 Ala. App. 508, 98 So. 362, the court upheld the right of a woman born out of wedlock and given her mother's surname at birth to call herself by such when objection was made to her being so named in a rape indictment.
And recently the Maryland Court of Appeals held that it was error for a court to waive publication of a proposed statutory name change *Page 505 
of a child born to an unmarried mother in a case where the mother of such a child sought to have her child's surname statutorily changed from that of its natural and unwed father, whose surname was given the child at birth, when the father wished to show objection to the proposed statutory change. Hardy v. Hardy269 Md. 412, 306 A.2d 244 (1973).
A survey of the English and American cases thus affirms the common law rule enunciated above and approved by my predecessors in previous opinions.
Nothing in the Wisconsin Statutes on birth certificates, vital statistics, adoption, legitimation or change of name of an "illegitimate" child mentions anything about the name(s) to be given an "illegitimate" child. Where no statute prescribes the name(s) to be given a child born out of wedlock at its birth, any name(s) can be inserted on its birth certificate by its mother in accordance with the common law. Norton, "Legal Aspects of Illegitimacy for the Registrar," Vol. XII, 3 Md. L. Rev. 181 (1951). Oregon Attorney General Reports, 1924-1928, p. 541.
By Art. XIV, sec. 13, Wis. Const., Wisconsin has adopted the common law so far as consistent with the state constitution or as altered by the legislature. Since 1945 when my predecessor wrote on this issue, there has been no change in Wisconsin law regarding the name to be given "illegitimate" children.
I, therefore, repudiate my previous informal opinion dated December 5, 1969, to James C. Boll, District Attorney of Dane County, which had indicated that under the common law a child born out of wedlock automatically took its mother's surname and that the State Registrar could prescribe what name must be given a child born out of wedlock. No change in the powers of the State Registrar enumerated in sec. 69.06, Stats., has been made by the legislature since 1945 when my predecessor wrote on this issue.
Of course, in so writing, it should be made clear that the mother of an "illegitimate" child may not unilaterally list the name of the putative father on the birth certificate of the child as the child's father, as to do so would be to "enable her to create prima facie evidence that such person was guilty of a crime and is responsible for the support of the child." 34 OAG, at p. 75. That a child born out of *Page 506 
wedlock happens to bear the same surname as its putative father on his birth certificate is not evidence of the child's paternity.
The second aspect of your inquiry concerns the right of the father of a child born out of wedlock to participate in the naming of his child.
Section 48.02 (11), Stats., as amended by ch. 263, Laws of 1973, defines "parent" as:
 ". . . either a natural parent or a parent by adoption. If the child is born out of wedlock, but not subsequently legitimated or adopted, `parent' means the natural mother and a person adjudged in a court proceeding to be the natural father."
While at common law a child born out of wedlock was the child of nobody, Wisconsin has, by statute, changed much of the common law with regard to the legal status of illegitimate children. Wisconsin has long recognized the right of a child born out of wedlock to inherit from and through its mother. An "illegitimate" child may be legitimized by its father, and if recognized by its father, inherit through him. See secs. 237.06 and 235.25, Stats.;Estate of Traver, supra.
Naming the child at birth is, however, under present Wisconsin law and universal custom, clearly the prerogative of the mother. 34 OAG 72, supra. There is no means provided for changing the name of a child born out of wedlock at its legitimation pursuant to sec. 852.05 (1), Stats.; or by marriage of the parents pursuant to sec. 245.25, Stats., after a judgment of paternity pursuant to sec. 52.37, Stats.; or a person adjudged in a court proceeding to be the natural father pursuant to sec. 48.025 and sec. 48.425, Stats. Pursuant to sec. 48.425 (6n) (a), the natural mother of a child born out of wedlock and not subsequently legitimized or adopted, shall have custody of such child unless legal custody is transferred to another pursuant to secs. 48.34,48.345, 48.35, 48.43, or 48.425 (2n) or (6b), Stats.
Under Wisconsin law, the responsibility for the care and custody of legitimate children rests with both parents. Sec. 246.15, Stats. Section 296.36, Stats., gives to both parents the right to statutorily change the name of their "legitimate" children. Section 48.91, Stats., provides that in case a change of name is requested during *Page 507 
adoption: "The order may change the name of the minor to that requested by petitioners."
The Massachusetts Attorney General recently stated this principle that the naming of children born to married couples belongs, absent specific statutory prohibition to the contrary, to the parents, in the case in which a married couple having different surnames wished to give their child its mother's surname on its birth certificate:
 "The statute, G.L. c. 46, sec. 1, does not require that the name of the child include the father's surname as the baby's surname. Nor does such a requirement exist in any other statute of this Commonwealth. . . . In short, there is no statutory requirement that a baby's surname be identical with its father's surname . . . It is, of course, customary in this country for the baby's surname to be the patronymic rather than the matronymic. Such a practice is, however, only custom and does not have the force of law . . . It has not always been customary for a legitimate baby to share its father's surname . . . There being no law requiring a legitimate baby to be named with its father's surname as its surname, the right to name the baby otherwise is a right retained to the parents." (Honorable Robert H. Quinn, Attorney General of Massachusetts to Honorable John F.X. Davoren, Secretary of the Commonwealth, January 24, 1974.)
See also, Carlsson, "Surnames of Married Women and Legitimate Children," 17 N.Y.L.F. 552 (1971); Smith v. United StatesCasualty Company, 197 N.Y. 420, 90 N.E. 947 (1910).
While there has never been a case in which parents of legitimate children disagree as to the name(s) to be given their children at birth, in cases in which a divorced mother seeks to have the surnames of her children changed from that of their father to her birth given surname or to the surname of another husband whose name she has assumed, the courts almost consistently follow the rule that whether or not the change will be granted over the objection of the father depends upon the best welfare of the children. Mark v. Kahn (1956), 33 Mass. 517,131 N.E.2d 758, 53 A.L.R. 2d 914, and cases cited therein.Application of Robinson (1972), 344 N.Y.S. 2d 147. In re Adoptionof McCoy (1972), 31 Ohio Misc. 195, 287 N.E.2d 833. Fulghum v.Paul (1972), 229 Ga. 463, 192 S.E.2d 376. *Page 508 
The recognition of the rights of unwed fathers and children born to unmarried persons is being litigated considerably in the courts today. See Stanley v. Illinois (1971), 400 U.S. 1020,27 L.Ed.2d 631, 91 S.Ct. 584. State ex rel. Lewis v. Lutheran SocialServices (1973), 59 Wis.2d 1, 207 N.W.2d 826. Rothstein v.Lutheran Social Services (1972), 405 U.S. 1051, 31 L.Ed.2d 786,92 S.Ct. 1488. Weber v. Aetna Casualty and Surety Co. (1972),406 U.S. 164, 31 L.Ed.2d 768, 92 S.Ct. 1400. Levy v. Louisiana
(1968), 391 U.S. 68, 20 L.Ed. 2d 436. Hardy v. Hardy (1973),269 Md. 412, 306 A.2d 244. Slawek v. Stroh (1974), 62 Wis.2d 295,215 N.W.2d 9. And the Wisconsin legislature has recently recognized new rights of unwed fathers in enacting ch. 263, Laws of 1973. A statutory change of name(s) of a child born out of wedlock and not subsequently legitimized or adopted, must now be made by the natural mother and the natural father unless his rights have been legally terminated. Sec. 296.36, Stats.
The recent cases expanding the rights of fathers of illegitimate children concern an unwed father's rights to determine his paternity of an illegitimate child, and to notices of hearings involving the termination of the mother's custody, adoption or statutory change of name of the child. The care, custody, and control of the child is still, under Wisconsin law, entrusted to the mother of the child above all others if she is fit. State ex rel. Lewis v. Lutheran Social Services (1970),59 Wis.2d 1, 207 N.W.2d 826. Slawek v. Stroh (1974), 62 Wis.2d 295,215 N.W.2d 9 (Hallows, dissent). 34 OAG 72, supra. Sec.48.425, Stats. See also In re Dunston, 18 N.C. App. 647,197 S.E.2d 560 (1973).
Therefore, it is my opinion that the rights of fathers of children born out of wedlock have not been expanded by recent court decisions and ch. 263, Laws of 1973, to the extent that they have the right to participate in the naming process of their children to the same extent as fathers of children born in wedlock. In the cases you mention, the young women can give their children the same surnames as the children's putative fathers or any other surnames, in accordance with Wisconsin and common law.
RWW:PM *Page 509