IN THE MATTER OF THE CHANGE OF NAME OF PEGGIE LORAIN DUN-STON TO PEGGIE LORAIN WEBB BY HER MOTHER, VELVET WEBB

No. 7314SC403

(Filed 11 July 1973)

**Infants § 1— change of infant's name to that of stepfather — mother's consent only required**

Neither the consent of a child's stepfather, nor a finding that the stepfather has abandoned that child is necessary in a petition by the natural mother of that child to have the child's name changed to that of the stepfather, as G.S. 101-2 requiring consent or abandonment is applicable only to parents, natural or adoptive, and not to step-parents.

APPEAL by petitioner from order of *Hall, Judge,* of the Superior Court, DURHAM County, 22 March 1973.

On 15 November 1972 Velvet Webb filed a petition with the Clerk of Superior Court of Durham County seeking to change the last name of her daughter, Peggie Lorain Dunston,

to Webb. This would make her name similar to that of her half sisters and be more convenient for school and social purposes.

Peggie Lorain Dunston, now age 15 years, was the illegitimate child of Velvet Dunston [Webb] and an unknown father. Her birth certificate listed no father's name.

On 30 January 1973, the Clerk of Superior Court of Durham County entered an order denying the name change on the ground that Sam Webb, the stepfather, had not consented to the application for change of name.

Velvet Webb appealed to the Superior Court, and on 22 March 1973, Judge C. W. Hall entered an order finding that absent the consent of Peggie Dunston's stepfather to her application for change of name, the name change could be accomplished only upon finding that Sam Webb had abandoned Peggie Dunston, his stepdaughter.

*Attorney General Robert Morgan by Assistant Attorney General James Blackburn for the State.*

*William Woodward Webb for petitioner appellant.*

CAMPBELL, Judge.

G.S. 101-2 provides that the Clerk of Superior Court may change the name of an applicant, upon 10 days' public notice of the filing of such application, and upon finding by the Clerk of good and sufficient reason for the change of name.

However, the name of a minor child may not be changed without the consent of both parents, if both be living, unless one of the parents has abandoned the minor child.

Abandonment is proved by filing with the Clerk a copy of an order of a court of competent jurisdiction adjudicating that such parent has abandoned such minor child.

In the event that a court of competent jurisdiction has not previously declared the child to be an abandoned child, the Clerk is authorized to determine whether an abandonment has taken place. Written notice of not less than 10 days to the parent alleged to have abandoned the child is required.

Petitioner contends that a stepparent is not a parent within the meaning of G.S. 101-2 whose consent is required in order to effect a change of name. It has not been contended either in

In re Dunston

the lower court, or on appeal, that the child's natural father, whose identity is unknown, must consent to the name change.

It would appear that G.S. 101-2 was not designed to require the consent of the natural father to a name change where the child was born out of wedlock. This is apparent from G.S. 130-54.

G.S. 130-54 provides that when a child is born out of wedlock, the last name of the child shall be the same as that of the mother, or the person caring for the child when requested by such person *with the consent of the mother*. If it has been adjudicated in a court of competent jurisdiction that a mother has abandoned her child, then the consent required *of the mother* by this section shall not be necessary.

The issue, then, is whether G.S. 101-2 requires the consent of the *stepfather whose name the child wishes to adopt,* or in the alternative, a finding of his abandonment of the stepchild.

G.S. 101-2 speaks in terms of "parents," a father or mother. One is either a natural parent, or an adoptive parent. A stepfather is under no duty to support the children of his wife by a former marriage but can become so bound by placing himself *in loco parentis* to those children; he can become a parent only by adoption of the children born to his wife by a former marriage, or born out of wedlock, but not of his parentage.

G.S. 101-2 contemplates only the situation where one natural or adoptive parent petitions for the change of name of a child, and the other parent stands to lose his name with respect to that child. It has no application to a stepfather.

Under G.S. 130-54, a third person having care of an illegitimate child can petition to have the name of the child changed with only the consent of the child's natural mother. Where the natural mother petitions to change the name of her illegitimate child, the consent of no other person is logically required, as no other person has any "rights" inherent in that child's name.

We hold that neither the consent of a child's stepfather, nor a finding that the stepfather has abandoned that child is necessary in a petition by the natural mother of that child to have the child's name changed.

Reversed and remanded.

Judges MORRIS and PARKER concur.