Barker v. High

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson and Robert J. Lawing, for defendant appellees.*

---

ANDREW K. BARKER v. CAROLYN BARKER HIGH

No. 847DC1269

(Filed 1 October 1985)

1. **Divorce and Alimony § 24.7— increase in child support—changed circumstances**

   Evidence and findings that the children's expenses have increased as they have become older and that plaintiff's earnings have increased by approximately $2,000 a year supported a conclusion of a substantial change in circumstances justifying an increase in the amount of child support.

2. **Divorce and Alimony § 24.6— increase in child support—changed circumstances—evidence of incomes prior to original support order**

While 21 January 1981 was the correct starting point in considering whether a substantial change affecting the children's needs and plaintiff's ability to pay had occurred, the court could consider what the parties' circumstances were just prior to that date in determining what the circumstances were on that date, and the court properly admitted evidence of incomes of the parties for 1980.

3. **Divorce and Alimony § 24.1— child support—earnings of stepfather irrelevant**

Evidence of the earnings and estate of defendant's present husband was irrelevant in a proceeding to increase child support since, nothing else appearing, a stepfather is under no duty to support the children of his wife by a previous marriage.

APPEAL by plaintiff from *Sumner, Judge.* Order entered 27 April 1984 in District Court, NASH County. Heard in the Court of Appeals 5 June 1985.

Plaintiff's appeal is from an order increasing his monthly payments for the support of his two minor children from $250 for each child to $350. The monthly payment for each child was first set at $250 by the parties' separation agreement executed in April 1980. A few months later, following their divorce in Haiti, defendant refused to permit plaintiff to visit the children and he brought this action to enforce his visitation rights. By her further answer defendant asked for custody of the children and pleaded the separation agreement in which plaintiff had consented thereto. On 28 January 1981, without hearing any evidence or making any findings but with the written consent of the parties and their lawyers, the court entered an order that deleted the paragraph in the separation agreement which required plaintiff to pay defendant $250 a month for the support of each child and directed plaintiff to thereafter pay that amount each month into court instead. Three years and three months later the order increasing the payments was entered following the receipt of evidence and the making of various findings of fact and conclusions of law.

*Moore, Diedrick, Whitaker & Carlisle, by J. Edgar Moore, for plaintiff appellant.*

*Valentine, Adams, Lamar & Etheridge, by Franklin L. Adams, Jr., and Hall, Hill, O'Donnell & Taylor, by Raymond M. Taylor, for defendant appellee.*

PHILLIPS, Judge.

[1]  The court's conclusion that the circumstances had substantially changed since the previous order was entered and that increasing the child support payments $100 each month was warranted is adequately supported by the findings of fact and competent evidence, and plaintiff's contention to the contrary is overruled. Among other things, the evidence and findings show that the children's expenses have increased because they are three years older and that plaintiff's earnings increased from $30,674 in 1980 to $36,640 in 1983. This is support enough for the modification made.

[2, 3]  Plaintiff's further contentions that the court erred in receiving and considering evidence that was improper, and also in refusing to receive and consider other relevant evidence are likewise without merit in our opinion and we overrule them. The evidence improperly received and considered, according to plaintiff, concerned the income of both parties for the year 1980, which was before the previous order was signed on 21 January 1981. While 21 January 1981 is certainly the correct starting point in considering whether a substantial change affecting the children's needs and the plaintiff's ability to pay has occurred, *Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d 540 (1983), in determining what the circumstances were on that date it was proper for the court to consider evidence showing what the circumstances were just prior to that time. Plaintiff had the same job and employer when the order was signed that he had during all of the preceding year and the evidence as to his earnings for that year tended to show that he was earning the same amount three weeks later, and the court did not err in receiving and considering the evidence for that purpose. The evidence that the court erroneously refused to receive and consider, so plaintiff contends, was evidence as to the earnings and estate of defendant's present husband. Nothing else appearing—and nothing else does appear in this case—a stepfather is under no duty to support the children of his wife by a previous marriage. *In re Dunston*, 18 N.C. App. 647, 197 S.E. 2d 560 (1973). Thus, evidence as to the earnings or estate of the stepfather was irrelevant to the issue before the trial judge and his refusal to receive the evidence was not error.

Plaintiff's other contentions are likewise without merit and we affirm the order appealed from.

Affirmed.

Judges BECTON and EAGLES concur.