IN THE MATTER OF THE CHANGE OF NAME OF CHADWICK HOLLAND CRAWFORD TO CHADWICK HOLLAND CRAWFORD TRULL, BY MARY HOLLAND TRULL, PETITIONER

No. COA98-1274

(Filed 6 July 1999)

**1. Parent and Child— name change—unmarried parents— father's consent required**

Both the clerk of superior court and the superior court judge correctly denied a name change for a minor child where respondent and petitioner were never married, both had executed an Affidavit of Paternity acknowledging respondent as the father, respondent had submitted to a paternity test which confirmed a 99.92% probability that respondent is the father, both respondent and petitioner are listed on the birth certificate, and petitioner later filed this petition to change the child's surname to match hers. The child was properly given respondent's name under N.C.G.S. § 130A-101(f)(4) and that statute contains no authority for petitioner to unilaterally withdraw her consent as to the child's surname and change it to her own.

**2. Parent and Child— changing child's name—consent of both parents required**

Neither the clerk of superior court nor the superior court judge erred by denying a petition to change the name of a minor where the parents were never married, the natural father's surname was given to the child on the birth certificate, and the mother sought to change the surname to her own over the father's objection. N.C.G.S. § 101-2 does not permit one parent to change the name of minor children without the consent of the other living parent and respondent here clearly fits an ordinary definition of "father" and "natural parent."

**3. Appeal and Error— appealability—issue not raised below**

Assignments of error relating to the constitutionality of denying a petition to change the name of petitioner's minor child were not addressed where those issues where not raised before the clerk or in superior court.

**4. Parent and Child— change of child's name—best interests of child—not considered**

Neither the clerk of superior court nor the superior court judge erred by failing to consider a child's best interests when refusing his mother's petition to change his name. The General Assembly has not required a "best interests" inquiry in the context of naming a child under N.C.G.S. § 130A-101(f)(4) or in the changing of a child's name under N.C.G.S. § 101-2. Its failure to do so in this context when it has in others is clear evidence of its intent that no such inquiry be required.

Appeal by petitioner from order entered 15 June 1998 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 11 May 1999.

*Johnson, Mercer, Hearn & Vinegar, PLLC, by Jennifer M. Green, for petitioner-appellant.*

*Jordan Price Wall Gray Jones & Carlton, by R. Frank Gray and Hope Derby Carmichael, for respondent-appellee.*

MARTIN, Judge.

Petitioner Mary Holland Trull and respondent Patrick Sullivan Crawford are the natural parents of Chadwick Holland Crawford, born 7 October 1996. Petitioner and respondent have never been mar-

ried, and neither is presently married to another. On 10 October 1996, both petitioner and respondent executed an Affidavit of Paternity acknowledging respondent as Chadwick's father, and on 23 October 1996, respondent submitted to a paternity test which confirmed a 99.92% probability that respondent is Chadwick's biological father. Both petitioner and respondent are listed on Chadwick's birth certificate as the child's parents, and by their mutual agreement, the child's name was stated on the birth certificate as "Chadwick Holland Crawford."

On 18 September 1997 petitioner filed a Petition for Name Change seeking to change Chadwick's name from "Chadwick Holland Crawford" to "Chadwick Holland Crawford Trull." Petitioner alleged, as grounds for the name change, that she had suffered embarrassment by reason of having a surname different from that of her child, and that her child's different surname was a source of confusion to others. Respondent filed a Motion to Intervene and a Response to the Petition for Name Change, objecting to the child's name being changed. Although respondent acknowledged paternity shortly after the child's birth, the record does not indicate that the child has been legitimated.

The matter came to hearing before the Clerk of Superior Court for Wake County. The clerk found facts consistent with the foregoing summary, concluded "[t]here is no legal or statutory authority permitting the name change as requested in the absence of consent by [respondent], the father of the minor child," and denied the petition. Petitioner appealed to the superior court, which affirmed the order of the clerk. Petitioner appeals.

I.

[1] Petitioner first argues that both the clerk of superior court and the superior court erred in concluding that respondent's consent was necessary to change Chadwick's surname. Specifically, petitioner contends that because Chadwick was born out of wedlock and has not been legitimated, G.S. § 130A-101 operates to vest petitioner with superior rights in naming the child; that despite respondent's acknowledgment of paternity, petitioner could have refused to allow Chadwick to bear respondent's surname; and that it "is illogical that her action in initially acquiescing in the use of [r]espondent's surname is sufficient to confer an absolute right upon him to thereafter withhold consent to her actions."

G.S. § 130A-101(f)(4), upon which petitioner relies, provides, in pertinent part, that,

> (f) If the mother was unmarried at all times from date of conception through date of birth, the name of the father shall not be entered on the certificate unless the child's mother and father complete an affidavit acknowledging paternity . . . .

> (4) Upon the execution of the affidavit, the declaring father shall be listed as the father on the birth certificate and shall be presumed to be the natural father of the child, subject to the declaring father's right to rescind under G.S. 110-132 . . . . *The surname of the child shall be determined by the mother, except if the father's name is entered on the certificate, the mother and father shall agree upon the child's surname.* If there is no agreement, the child's surname shall be the same as that of the mother.

N.C. Gen. Stat. § 130A-101(f)(4) (emphasis added). Here, there is no dispute that petitioner and respondent executed an Affidavit of Paternity acknowledging respondent as Chadwick's natural father; that respondent's name is entered on the birth certificate as the father; and that respondent and petitioner agreed that the child would bear the name "Chadwick Holland Crawford." Thus, under the statute, the child was properly given respondent's surname.

Petitioner, however, apparently contends that because Chadwick has not been legitimated, she can unilaterally withdraw her consent as to the child's surname and change it to her own. G.S. § 130A-101(f)(4) plainly contains no such authority and we cannot, under the guise of statutory interpretation, write such a provision into it. *See Walker v. North Carolina Coastal Resources Comm'n,* 124 N.C. App. 1, 11, 476 S.E.2d 138, 144 (1996), *disc. review denied,* 346 N.C. 185, 486 S.E.2d 220 (1997) (quoting *Burgess v. Your House of Raleigh,* 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)) (" '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning' ").

[2] Petitioner also argues that in determining that respondent's consent is necessary to change Chadwick's surname, the lower courts erroneously afforded more weight to G.S. § 101-2, the name change statute, than to G.S. § 130A-101. Although neither the clerk's order nor the superior court's order affirming it cites G.S. § 101-2, the statute is

pertinent to the issue of respondent's consent. As relevant to the issue before us, G.S. § 101-2 provides:

> Applications to change the name of minor children may be filed by their parent or parents or guardian or next friend of such minor children, and such applications may be joined in the application for a change of name filed by their parent or parents: *Provided nothing herein shall be construed to permit one parent to make such application on behalf of a minor child without the consent of the other parent of such minor child if both parents be living . . . .*

N.C. Gen. Stat. § 101-2 (emphasis added). Citing *In re Dunston*, 18 N.C. App. 647, 197 S.E.2d 560 (1973), petitioner contends the word "parent" as contained in the statute does not include respondent, and his consent to change Chadwick's surname is not required.

In *Dunston*, the mother of an illegitimate child whose father was unknown sought to change the child's name to that of the child's stepfather. This Court, in holding that G.S. § 101-2 did not require the stepfather's consent to the change, stated,

> G.S. s 101-2 contemplates only the situation where one natural or adoptive parent petitions for the change of name of a child, and the other parent stands to lose his name with respect to that child . . . . Where the natural mother petitions to change the name of her illegitimate child, the consent of no other person is logically required, *as no other person has any 'rights' inherent in that child's name.*

*Dunston* at 649, 197 S.E.2d at 562 (emphasis added). *Dunston* is distinguishable from the present case in that respondent does, in fact, have rights in the child's name by virtue of the parties' agreement pursuant to G.S. § 130A-101(f)(4). The natural father in *Dunston* was unknown, clearly played no role in the child's life, and the child's birth certificate listed no one as the father. The issue of the necessity of the natural father's consent was not at issue, and the italicized portion of the Court's opinion quoted above is dicta, inapplicable to the present facts.

Moreover, the *Dunston* court elaborated on the meaning of "parent" within the statute, stating, "G.S. s 101-2 speaks in terms of 'parents', a father or mother. One is either a natural parent, or an adoptive parent." *Dunston* at 649, 197 S.E.2d at 562. Respondent, as Chadwick's legally recognized natural father, in both an Affidavit of

Paternity and the birth certificate, clearly fits within an ordinary definition of "father" and "natural parent." *See Smith v. Bumgarner,* 115 N.C. App. 149, 151, 443 S.E.2d 744, 745 (1994) (citation omitted) ("A statute's words should be given their natural and ordinary meaning."). Thus, under the present facts, there is no authority, statutory or decisional, permitting petitioner to unilaterally change Chadwick's surname absent respondent's consent.

## II.

**[3]** By her second and fourth assignments of error, petitioner argues that the denial of her petition to change the minor's surname unconstitutionally infringes upon her interest in the name of her minor child, thereby violating her rights to due process and equal protection of the laws. While her arguments clearly appear to be without merit, we decline to address these assignments of error because the record fails to show that petitioner raised such constitutional arguments before the clerk or the superior court. N.C.R. App. P. 10(b)(1).

> [Rule 10(b)(1)] requires a question to be presented first to the trial court by objection or motion. The record on appeal does not reflect that the issue of constitutionality . . . was presented to the trial court. This Court has held that it will not pass upon the constitutionality of a statute where the record does not reveal that the trial court was confronted with the issue and passed upon it. *State v. Robertson,* 57 N.C. App. 294, 291 S.E.2d 302, *disc. review denied, appeal dismissed,* 305 N.C. 763, 292 S.E.2d 16 (1982).

*State ex rel. Environmental Management Com'n v. House of Raeford Farms, Inc.,* 101 N.C. App. 433, 448-49, 400 S.E.2d 107, 117 (1991), *rev'd on other grounds, House of Raeford Farms, Inc. v. State ex rel. Environmental Management Com'n,* 338 N.C. 262, 449 S.E.2d 453 (1994). *See also, e.g., State v. Horner,* 310 N.C. 274, 283, 311 S.E.2d 281, 287 (1984) (citation omitted) ("[I]n order for an appellant to assert such [a constitutional] right on appeal, the issue must have been presented to the trial court."); *State v. Cooke,* 306 N.C. 132, 137, 291 S.E.2d 618, 621 (1982) (citations omitted) ("[A] constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal.").

## III.

**[4]** In her final assignment of error, petitioner alleges that both the clerk and the superior court committed reversible error in failing to consider Chadwick's best interests. Our General Assembly, however,

has not required a "best interests of the child" inquiry in the context of naming a child under G.S. § 130A-101(f)(4), nor in the changing of a child's name under G.S. § 101-2. While the General Assembly has specifically required such an inquiry in contexts such as termination of parental rights, child custody and placement, parental visitation rights, and even in the context of a change in surname on a birth certificate following legitimation, *see* N.C. Gen. Stat. § 130A-118, its failure to require a best interests inquiry in connection with G.S. § 101-2 and G.S. § 130A-101(f)(4) is clear evidence of its intent that no such inquiry is required in this context. This assignment of error is overruled. *See Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citation omitted) ("Legislative purpose is first ascertained from the plain words of the statute."); *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 494, 467 S.E.2d 34, 41 (1996) (citation omitted) (" 'The cardinal principle of statutory construction is that the intent of the legislature is controlling.' ").

The order of the trial court denying petitioner's Petition for Name Change is affirmed.

Affirmed.

Judges GREENE and WYNN concur.