CARMEN DANIELS, Plaintiff v. JAMES HETRICK, Named Defendant AND UNNAMED DEFENDANT

No. COA03-841

(Filed 4 May 2004)

## 1. Insurance— uninsured motorist—suit defended in name of motorist—presence during jury selection

The trial court did not err in an uninsured motorist action by introducing to the jury the police officer in whose name the suit was defended after the officer asserted immunity and was dismissed from the suit. Although plaintiff contended that the jury might hesitate to award damages against a police officer, the officer was driving the vehicle that struck plaintiff, the insurance company was defending in his name, and the trial judge carefully limited the officer's involvement.

## 2. Appeal and Error— constitutional objections—not raised at trial

Constitutional objections that were not raised at trial were not preserved for appeal.

## 3. Evidence— medical records—not used or relied upon by experts—excluded

The trial court did not err in an automobile accident case by excluding medical records from doctors who did not testify and which were not relied upon by those who did (one doctor testified that plaintiff brought these records with her, but did not testify that he relied upon them). The court admitted records produced by or relied upon by testifying experts, records from treat-

ments to which plaintiff was referred by the testifying experts, and records that were otherwise admissible.

**4. Evidence— medical condition—plaintiff's testimony—not competent**

A negligence plaintiff's testimony about her medical condition, Reflex Sympathetic Dystrophy (RSD), was properly disallowed because the diagnosis is complicated and controversial and plaintiff is not competent to testify about the nature of the condition, the necessity of particular treatments, the reasonableness of associated costs, or any connection between the alleged negligence and her condition. She was allowed to testify about her pain and suffering, her treatment and therapy, and how her injury affected her life.

**5. Appeal and Error; Insurance— insurance defense in motorist's name—constitutional issue—not raised at trial—upheld previously**

The constitutionality of statutes allowing an uninsured motorist's carrier to defend in the name of the uninsured motorist was not raised at trial and therefore was not properly before the Court of Appeals. Moreover, these statutory provisions have been challenged and upheld in the past.

**6. Damages and Remedies— negligence—one dollar—supported by evidence**

A jury verdict of $1 in a negligence action was adequate where there were no motions following the return of the verdict and the jury could reasonably have found on the evidence that plaintiff failed to show that her injuries were proximately caused by this accident.

Appeal by Plaintiff from judgment entered 4 October 2002 by Judge Shirley Fulton in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 April 2004.

*Carmen Daniels-Leslie, pro se plaintiff-appellant.*

*Hill, Evans, Duncan, Jordan & Beatty, P.L.L.C., by Polly D. Sizemore, for unnamed defendant-appellee.*

STEELMAN, Judge.

Plaintiff filed a complaint on or about 15 December 1999 in the Superior Court of Mecklenburg County seeking damages for personal

injuries alleged to have been sustained in an automobile accident that occurred on 18 December 1996. The accident involved James Hetrick (Hetrick), an officer working with the Charlotte Police Department, who was on duty at that time. Hetrick asserted governmental immunity and was dismissed from the lawsuit. The action continued against an unnamed defendant, plaintiff's insurance carrier, Shelby Insurance Co. (Shelby), based upon uninsured motorist's coverage. Shelby elected to defend in the name of Hetrick. The case came to trial on 30 September 2002. The jury found plaintiff was injured by the negligence of Hetrick, and awarded her $1.00 in damages. Plaintiff·filed notice of appeal on 1 November 2002. Plaintiff was represented at trial by counsel, but appeals *pro se*. Further relevant facts will be discussed in the context of our. review of plaintiff's assignments of error.

**[1]** In plaintiff's first assignment of error she argues the trial court erred by allowing Hetrick to be presented to the jury during jury selection and identified as the named defendant. We disagree.

In cases where the alleged tortfeasor is dismissed from the action based upon governmental immunity it is appropriate for the plaintiff to proceed against her own uninsured motorist's coverage. *Williams v. Holsclaw*, 128 N.C. App. 205, 495 S.E.2d 166 (1998). N.C. Gen. Stat. § 20-279.21(b)(3)a (2004) provides:

> The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name.

"It is manifest . . . that despite the contractual relation between plaintiff insured and defendant insurer, this action is actually one for the tort allegedly committed by the uninsured motorist. Any defense available to the uninsured tort-feasor should be available to the insurer." *Brown v. Lumbermens Mut. Casualty Co.*, 285 N.C. 313, 319, 204 S.E.2d 829, 834 (1974). In the instant case, Shelby elected to defend the action in the name of the uninsured motorist, Hetrick, rather than in its own name.

Hetrick was subpoenaed by both plaintiff and Shelby to appear and testify as a witness in the case. Neither party called Hetrick to testify. Hetrick was present in the courtroom at the commencement of jury selection. He was seated in the back row of the courtroom,

and at no time was seated at the defense table with counsel for Shelby. The Court introduced the parties to the jury pool, and stated: "The named defendant, in this matter, is Mr. James Hetrick, who is seated on the back row. Any of you know or recognize Mr. Hetrick? He's in the police uniform, in the back." "Any of you ever had any dealings with Mr. Hetrick, in his role as a police officer?"

Plaintiff contends that the introduction of Hetrick to the jury pool was prejudicial to her because it led the jurors to believe Hetrick was the defendant, and that jurors might be reticent to award damages against a police officer.

The uncontroverted facts in this case were that Officer Hetrick was the operator of the vehicle that struck plaintiff's automobile. Plaintiff repeatedly identified Hetrick as a police officer in her direct testimony. The trial judge carefully limited Hetrick's involvement in the trial to appearing for the jury selection. In light of the fact that Shelby was defending this action in the name of Hetrick, it was not error for the trial court to introduce Hetrick to the jury venire and to make inquiry as to whether any juror had prior dealings with Hetrick.

[2] Plaintiff further asserts that she was denied due process and equal protection by the statutory procedure that allowed Shelby to defend this action in the name of the uninsured motorist, Hetrick. These constitutional issues were not raised before the trial court, and under the provisions of North Carolina Rules of Appellate Procedure Rule 10(b)(1) are not properly preserved for appeal. *In re Change of Name of Crawford to Crawford Trull*, 134 N.C. App. 137, 142, 517 S.E.2d 161, 164 (1999). We find appellant's first assignment of error to be without merit.

[3] In her second assignment of error plaintiff argues the trial court erred in excluding certain medical records from evidence. We disagree.

In order for medical records to be admitted into evidence, the plaintiff must meet her burden of showing a causal connection between defendant's negligence and the injuries complained of. *Gillikin v. Burbage*, 263 N.C. 317, 324, 139 S.E.2d 753, 759 (1964).

In cases involving "complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury."

*Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003). The testifying expert has to show that the medical records at issue reflect treatment of an injury that was causally related to the alleged negligence of the defendant. He may do this by his own opinion, or by testifying that he either relied on the documents for his diagnosis (*Chamberlain v. Thames*, 131 N.C. App. 705, 717, 509 S.E.2d 443, 450 (1998)) or that the documents reflect the work of another medical professional to whom the plaintiff was referred by him. *Taylor v. Boger*, 289 N.C. 560, 568, 223 S.E.2d 350, 355 (1976). Plaintiff must further show through expert testimony that the medical treatment she received was "reasonably necessary for proper treatment of her injuries and that the charges made were reasonable in amount." *Ward v. Wentz*, 20 N.C. App. 229, 232, 201 S.E.2d 194, 197 (1973). It would be error to admit such evidence if the above conditions were not met. *Graves v. Harrington*, 6 N.C. App. 717, 171 S.E.2d 218 (1969).

Plaintiff contends that she suffers from Complex Regional Pain Syndrome, which is also known as Reflex Sympathetic Dystrophy (RSD), as a result of the accident. At trial plaintiff offered the testimony of two medical doctors, Dr. Shin and Dr. Berger. Dr. Shin testified that RSD has "been somewhat controversial in the past, perhaps, . . . but I think consensus nowadays is that it is a syndrome of pain and discomfort that is frequently mediated by the sympathetic nervous system, and it shows up after sometimes injury to the affected limb, and may not have any actually demonstrable damage to the nerves in that region. . . ." Each doctor gave an opinion that plaintiff suffered from RSD. Dr. Berger, when asked if plaintiff's condition was caused by the collision with Hetrick's vehicle stated: "I don't have an opinion." Dr. Shin was asked three times by plaintiff's counsel to express an opinion as to the cause of plaintiff's condition. He gave the following responses: "But I mean it is—it is a relationship, a timed relationship [between an accident and the onset of RSD]. We don't know enough of it to say, well causality. I guess we have to be careful with that." And, "Okay, I guess—again, the casualty [sic] is always an issue, but we see this condition many times after an injury without definite nerve injury that can be documentable. I think we would usually link that, so we'll just say [RSD] in association with the accident or the injury that occurred. So temporally, that would fit." When asked again he replied, "I think, yeah, you could say that. It—that the accident happened and then she developed this condition." And finally, "Um-hm—I think—I don't know. Yes, in a way. I mean, it's—we see this after an accident."

The testimony of plaintiff's experts revealed that the diagnosis of RSD is complex, and the plaintiff's diagnosis was confirmed only after Dr. Berger performed a stellate ganglion block. This was a condition that required the opinion of an expert witness to establish causation. *Holley*, 357 N.C. at 232, 581 S.E.2d at 753.

Plaintiff sought to enter into evidence records of medical treatments and diagnoses, bills, prescriptions, and letters from her doctors. The trial court allowed documents into evidence that were produced by the testifying experts, relied upon by the testifying experts, or that were otherwise admissible under the rules of evidence. Records were also allowed in for medical and physical therapy treatments where the evidence showed one of the testifying experts referred plaintiff for the treatments.

The excluded records were from visits to Charlotte area doctors who did not testify. These doctors were available to plaintiff, but she instructed her attorney not to subpoena them because she had instituted a medical malpractice suit against one of them and she believed they might be prejudiced against her. The only testimony linking any of these documents to the treatment of plaintiff's RSD (through either reliance upon the documents or referral) was Dr. Shin's testimony that plaintiff had brought records with her on her visit. However, there was no testimony by Dr. Shin that he relied upon these records for his diagnosis, or any specific mention of what records the plaintiff brought, other than for a three phase bone scan performed in 1999. Evidence of the bone scan was admitted at trial. Further, there was no expert testimony that the treatment and expenses in the excluded records was necessary for proper treatment of plaintiff's injuries, or reasonable in cost.

For the foregoing reasons we hold the trial court did not err in excluding certain medical records at trial. We find this assignment of error to be without merit.

[4] In her third assignment of error, plaintiff contends that the trial court erred in refusing to allow her to testify about certain of her medical conditions and treatments. We disagree.

Plaintiff was allowed to testify extensively regarding her pain and suffering, certain courses of medical treatment, physical therapy, and how her injuries have affected her life. She was prohibited from testifying about RSD and any knowledge or opinion she may have gathered from doctors who did not testify, or from outside research she

may have herself done on the subject. Plaintiff contends that her injury is "obvious," and thus expert testimony is not required. Although some of her symptoms might be obvious, RSD is a very complex and controversial diagnosis and plaintiff was not competent to testify as to the nature of the condition, the necessity of any particular treatment, the reasonableness of associated costs, or any causal connection between the alleged negligence of Hetrick and her condition. The trial court properly sustained Shelby's objection to plaintiff's testimony. We find this assignment of error to be without merit.

[5] In her fourth assignment of error plaintiff asserts that the provision of N.C. Gen. Stat. § 20-279.21(b)(3) allowing an uninsured motorist's carrier to defend an action in the name of the uninsured motorist is violative of due process and equal protection, and is therefore unconstitutional. Plaintiff further contends that this provision violates the provisions of Article I, Section 18 of the North Carolina Constitution which requires that the courts of this State be open to parties seeking redress for their injuries.

None of these constitutional issues were raised by plaintiff in the trial court and are not properly before this Court. N.C. R. App. P. 10(b)(1), *In re Crawford*, 134 N.C. App. at 142, 517 S.E.2d at 164. We note that the provisions of N.C. Gen. Stat. § 20-279.21(b)(3) and (4) allowing an uninsured motorist's carrier to defend in the name of the uninsured motorist (instead of its own name) have been challenged in the past and consistently upheld by the appellate courts of this State. *Church v. Allstate Ins. Co.*, 143 N.C. App. 527, 547 S.E.2d 458 (2001), *Sellers v. N.C. Farm Bureau Mut. Ins. Co.*, 108 N.C. App. 697, 424 S.E.2d 669 (1993). This Court has reasoned that a "jury would more likely concentrate on the facts and the law as instructed, rather than the parties," when the insurance carrier is allowed to defend in the name of the tortfeasor alone. *Sellers*, 108 N.C. App. at 699, 424 S.E.2d at 670.

[6] In her final assignment of error, plaintiff contends that the jury's verdict of $1.00 was inadequate, based upon the evidence presented to the jury. We disagree.

We note that the record in the matter before us is devoid of any indication that the plaintiff made any motions to the trial court following the return of the jury's verdict. In the absence of such motions we have examined the record before us to determine if there was evidence that would support the jury's damages verdict in the amount of $1.00.

There was no stipulation removing any element of damages from the consideration of the jury. It was the role of the jury to weigh the evidence, determine the credibility of the witnesses, the probative force to be given to their testimony and determine what the evidence proved or did not prove. It was the province of the jury to believe any part or none of the evidence. *Smith v. Beasley*, 298 N.C. 798, 801, 259 S.E.2d 907, 909 (1979), *see also Anderson v. Hollifield*, 345 N.C. 480, 480 S.E.2d 661 (1997).

The evidence in this case showed that immediately following the accident, plaintiff twice refused offers made by the police to secure an ambulance for her. She did not seek medical treatment for her injuries alleged to have been caused by the accident until two years later. The testimony of plaintiff's expert witnesses, as set forth above, was at best equivocal concerning whether her injuries were caused by the accident. The plaintiff had suffered a number of injuries prior and subsequent to the automobile accident on 18 December 1996. Thus, the jury in this case could reasonably have found that the plaintiff failed to meet her burden of proof of showing that her injuries and expenses were proximately caused by the negligence of Hetrick. This assignment of error is without merit.

NO ERROR.

Judges McGEE and CALABRIA concur.