HUNTER, JR., Robert N. Judge.
Ray Norton Hunt ("Petitioner") appeals from the trial court's dismissal of his "Motion in the Cause[,]" which sought to change his minor's child's surname to his own. On appeal, Petitioner argues the doctrine of res judicata does not bar his claim. Our opinion agrees with the result advocated by Petitioner argument; however, we affirm the dismissal on statutory grounds, rather than res judicata .
I. Factual and Procedural Background
On 30 July 2010, Petitioner filed a petition to legitimate a minor child, M.L.D., pursuant to N.C. Gen. Stat. § 49-10. See N.C. Gen. Stat. § 49-10 (2017). Petitioner alleged he submitted to a DNA test, which proved him to be M.L.D.'s father. Petitioner requested the Clerk of Superior Court change M.L.D.'s surname to his own and amend her birth certificate to reflect her new surname and his paternity.
On 20 August 2010, Lindsay Durfee Collinsworth ("Respondent") filed a response to the petition. Respondent admitted Petitioner was the father of M.L.D. However, Petitioner opposed changing M.L.D.'s surname and argued the change would not be in M.L.D.'s best interests.
On 13 December 2010, M.L.D.'s guardian ad litem filed a report. The guardian "believe[d] it would be in the minor child's best interest to have the Petitioner adjudicated to be the father of said child." However, the guardian did "not believe at this time ... that a name change would be appropriate given the possible confusion that a name change might cause the minor child when she enrolls in school."
On 29 December 2010, the Clerk of Superior Court entered an order legitimating M.L.D. as the biological child of both Petitioner and Respondent. The order determined "changing the child's name on the birth certificate [is] not warranted under the current circumstances or supported by the law or recommended by the Guardian Ad Litem." Petitioner did not appeal.
On 20 November 2015, Petitioner filed a "Motion in the Cause[.]" Petitioner again sought to change M.L.D.'s surname to his own, this time moving pursuant to N.C. Gen. Stat. § 130A-118. See N.C. Gen. Stat. § 130A-118(c)(2) (2017). On 10 December 2015, Respondent filed a motion to dismiss Petitioner's motion, seeking dismissal for, inter alia , failure to state a claim under Rule 12(b)(6) and res judicata .
The Clerk of Superior Court held a hearing on 17 December 2015. On 20 January 2016, the Clerk entered an order denying Respondent's motion to dismiss and ordering the guardian ad litem to conduct a best interests inquiry and file its report with the court. Respondent appealed to the Superior Court. On 1 December 2017, the Superior Court entered an order and dismissed Petitioner's motion under the doctrine of res judicata . Petitioner filed timely notice of appeal.
II. Jurisdiction
Petitioner has an appeal of right pursuant to N.C. Gen. Stat. § 1-277(a) (2017).
III. Standard of Review
We review the trial court's decision to dismiss de novo . Leary v. N.C. Forest Prods., Inc. , 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). Although the trial court rendered its order under the doctrine of res judicata , we can affirm the trial court's ruling if the ruling is correct upon any theory of law. N.C. Dep't of Health and Human Servs. v. Parker Home Care, LLC , 246 N.C. App. 551, 556, 784 S.E.2d 552, 556 (2016) (citation omitted).
IV. Analysis
Petitioner argues the trial court improperly barred his claim under the doctrine of res judicata . We agree the doctrine does not apply to the case sub judice , but for different reasons than Petitioner argues. Instead, we affirm the trial court's order because Petitioner filed his motion pursuant to an inapplicable statute and asked for a remedy our law does not provide.
Petitioner filed his motion pursuant to N.C. Gen. Stat. § 130A-118, which governs birth certificate amendments and states:
(c) A new birth certificate issued under subsection (b) may reflect a change in surname when:
...
(2) A child is legitimated under G.S. 49-10 and the parents agree and request that the child's surname be changed, or the court orders a change in surname after determination that the change is in the best interests of the child.
N.C. Gen. Stat. § 130A-118(c)(2).
Outside of legitimation proceedings, a parent may also seek to change the name of a minor child under N.C. Gen. Stat. § 101-2, which states:
An application to change the name of a minor child may be filed by the child's parent or parents.... An application to change the name of a minor child may not be filed without the consent of both parents if both parents are living, unless one of the [listed exceptions] applies[.]
N.C. Gen. Stat. § 101-2(d) (2017).
Were we to affirm the trial court's application of res judicata , it would obstruct a minor child's and parents' common law rights to file a subsequent unanimous application to change the name of a minor child.[1] Under the doctrine, once a clerk denies a request to change the name of a minor child, none of the approved applicants listed by the General Assembly in N.C. Gen. Stat. § 101-2 could file an application in the future. For illustration, in this case, if Petitioner and Respondent both consented to a name change for M.L.D., res judicata would bar the application-regardless of N.C. Gen. Stat. § 101-2 's unequivocal grant of authority to file the application with the consent of both parents.
Regardless of the trial court's application of res judicata , we still affirm the trial court's order. Petitioner filed his "Motion in the Cause[,]" pursuant to N.C. Gen. Stat. § 130A-118 and asked the court to grant his motion because "[t]he best interests of the minor child require that an order issue changing her surname to that of her father[.]" N.C. Gen. Stat. § 130A-118(c)(2) may only be used in conjunction with an ongoing action brought under N.C. Gen. Stat. § 49-10 -not where, as here, the Clerk of Court previously denied the request as part of a legitimation determination. N.C. Gen. Stat. § 130A-118(c)(2). Thus, Petitioner could not file his motion pursuant to N.C. Gen. Stat. § 130A-118, and, instead N.C. Gen. Stat. § 101-2 would govern any request to change M.L.D.'s name. N.C. Gen. Stat. § 101-2 does not direct the trial court to conduct a best interests inquiry. In re Crawford , 134 N.C. App. 137, 142-43, 517 S.E.2d 161, 164 (1999) (holding N.C. Gen. Stat. § 101-2 does not require a "best interests of the child" inquiry). Petitioner, consequently, requested the trial court perform an inquiry the law does not require and stated a claim upon which relief could not be granted. Accordingly, the trial court did not err in dismissing his motion, and we affirm the trial court's order.
V. Conclusion
For the foregoing reasons, we affirm the trial court's order.
AFFIRMED.
Report Rule 30(e).
Judge DAVIS concurs.
Judge MURPHY concurs in result only.

At common law, a person could change one's name at will without court documents. In re Mohlman , 26 N.C. App. 220, 225, 216 S.E.2d 147, 150 (1975) ; N.C. Gen. Stat. § 101-1 (2017).